IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **TERRY FOSTER,** | ) | CASE NO. 1:25-CV-00139 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET M. BRENNAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JENNIFER DOWDELL ARMSTRONG |
| | ) | |
| | ) | |
| **GRAY LOCAL MEDIA, INC.,** | ) | ORDER |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Terry Foster filed a civil action in this Court. He did not pay the filing fee for this action. Instead, he submitted an Application to Proceed *In Forma Pauperis* (Doc. No. 2) using what appears to be a state court form. He did not make an attempt to complete it, and instead wrote "N/A" across every section of the Application. He also attached a "Poverty Affidavit." (Doc. No. 2-1). He did not attempt to complete this form either, choosing instead to write "0" or "N/A" in every section. Plaintiff lists his address in the Complaint as 1011 East 71st Street, Cleveland, Ohio. He indicates on his Application that he does not have anyone living with him, and has no one supporting him. That would suggest that he lives alone and pays the expenses for that living situation. He also indicates, however, that he has no income, receives no public assistance, pays no rent or mortgage, pays no property taxes or insurance, has no utility expenses and has no food expenses. That information is inconsistent and highly improbable.

Pursuant to 28 U.S.C. § 1915, this Court may authorize the commencement of any action without prepayment of filing fees if the litigant submits an affidavit that includes a truthful statement of all assets, income and debt that demonstrates the person is unable to pay the filing

fee. 28 U.S.C. § 1915(a)(1). Pauper status does not require absolute destitution. *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 Fed. Appx. 239, 240 (6th Cir. 2001). Instead, the Court must examine the affidavit and determine whether the litigant can pay the court costs without undue hardship. *Foster*, 21 Fed. Appx. at 240. It is within the Court's discretion to allow a litigant to proceed *in forma pauperis* ("IFP"). Id. Proceeding *in forma pauperis* is a privilege, and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). Because Plaintiff did not attempt to fully and accurately complete the Application, the Court cannot properly evaluate his Application to Proceed *In Forma Pauperis*.

Accordingly, Plaintiff is ordered to either pay the full fee of $ 405.00 or to complete and submit the accompanying Application to Proceed *In Forma Pauperis* within 30 days of the date of this Order. Failure to comply with this order may result in dismissal of this action without further notice.

SO ORDERED.

s/*Jennifer Dowdell Armstrong*
JENNIFER DOWDELL ARMSTRONG
UNITED STATES MAGISTRATE JUDGE